## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHMIR S. YOUNG, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-2315 |
| | : | |
| U.S. BANK NATIONAL | : | |
| ASSOCIATION, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

PADOVA, J.                                                                                    JUNE 10, 2024

Plaintiff Kashmir S. Young, proceeding *pro se*, has filed an action against Defendants

U.S. Bank National Association, Shellpoint Mortgage Company ("Shellpoint"), and New

Residential Investment Corporation.  Young has also filed a Motion for Leave to Proceed *In*

*Forma Pauperis*.  For the following reasons, Young will be permitted to proceed *in forma*

*pauperis* and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

## I.      FACTUAL ALLEGATIONS[1]

Young's form Complaint is sparse.  Young lives at 1524 68th Avenue in Philadelphia.

She alleges that she acquired a home equity loan "that was sold without [her] knowledge three

different times," and eventually acquired by Shellpoint.  (Compl. at 4.)  She claims that her loan

was "sold and paid in full on an international trading market" and that "Shellpoint denied and

---

[1]  The following factual allegations are taken from the Complaint and publicly available
records of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d
256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . 'matters of
public record[.]'" (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice &*
*Procedure* § 1357 (3d ed. 2004))).  The Court adopts the pagination assigned to the Complaint
by the CM/ECF docketing system.

ignored [her] instrument but requested fifty thousand dollars to reinstate the supposed deferred

loan." (*Id.*)  She states that Shellpoint "is suing [her] in state court" in an apparent foreclosure

action, and that her home was scheduled for a "foreclosure sheriff's sale" on June 4, 2024.[2] (*Id.*)

She asserts that action is improper because Shellpoint's "jurisdiction is Delaware where they are

registered." (*Id.*)  She states that she "feel[s] very discriminated against, taken advantage of, and

made a fool[]" because of Shellpoint's "personal greed."[3]  (*Id.* at 5.)  She asks this Court "to

order Shellpoint Mortgage Company to dismiss their case against [her]," and to "stop this

foreclosure sheriff's sale," and seeks an unspecified amount in compensatory damages for her

"severe pain and suffering."[4]  (*Id.*)

---

[2]  A search of public records does not reveal any action by Shellpoint against Young. However, default judgment was granted in favor of U.S. Bank against Young in a foreclosure action related to the property at 1524 68th Avenue.  *See U.S. Bank v. Young*, No. 210601153 (C.P. Phila. Aug. 18, 2022).  The docket for that case shows that the foreclosure sale has been rescheduled numerous times since judgment was entered.  *See id.*  The website used by the Philadelphia County Sheriff's Office to post foreclosure sale listings indicates that the scheduled auction of the property on June 4, 2024 was again postponed.  *See* https://www.bid4assets.com /auction/index/1134984 (last visited June 5, 2024).

[3]  Young does not appear to assert a standalone claim for discrimination, for example under 42 U.S.C. § 1981.  Even if she did intend to do so, her isolated, conclusory reference to discrimination is insufficient to state such a claim.

[4]  Young's Complaint also mentions two federal criminal statutes, 18 U.S.C. §§ 1001 and 1348, as well as the Uniform Commercial Code ("UCC") Article 9.  (Compl. at 5.)  Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Off. of Hum. Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action." (citation omitted)).  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action.  *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute" (citation omitted)); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone.").  And Young's lone mention of the UCC is too vague and ambiguous to state any claim to relief.

## II.     STANDARD OF REVIEW

Because Young appears to be unable to pay the filing fee in this matter, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*

The Court must also review the Complaint and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*" (citation omitted)).  As Young is proceeding *pro se*, the Court construes her allegations liberally.  *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citation omitted).

## III.    DISCUSSION

### A.     The *Rooker-Feldman* Doctrine

To the extent that Young seeks relief from this Court based on the Defendants' actions in the state-court foreclosure proceeding, her claims are barred by the *Rooker-Feldman* doctrine.  That doctrine "bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'"  *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2

3

(D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)).  The United States Court of Appeals for the Third Circuit "has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)) (add'l citations omitted).  The *Rooker-Feldman* doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (alterations in original) (quotation omitted); *see also Otto v. Judiciary Courts of N.J.*, No. 17-3424, 2018 WL 452161, at *4 (D.N.J. Jan. 16, 2018) (stating that *Rooker-Feldman* prohibits federal courts from addressing any claims "that were previously adjudicated in, or are inextricably intertwined with, [a] state foreclosure proceeding").

Based on the facts alleged in Young's Complaint and the publicly available docket information, all four factors are met.  First, final judgment was entered against her in a foreclosure proceeding in state court.  *See U.S. Bank v. Young*, No. 210601153 (C.P. Phila. Aug. 18, 2022).  Second, her claims are based entirely upon injuries she has suffered as a result of that judgment, namely, the impending foreclosure sale of her home and alleged pain and suffering.  Third, the final judgment was entered in that case in August 2022, well before Young filed her Complaint in this Court.  Finally, Young's Complaint asks this Court to review and reject the outcome of the state court proceeding.  Accordingly, the *Rooker-Feldman* doctrine bars Young's attempt to overturn the foreclosure judgment, and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.  *See Merritts v. Richards*, 62 F.4th 764, 778 (3d Cir. 2023).

**B.       The Anti-Injunction Act**

Even if the jurisdictional bar of the *Rooker-Feldman* doctrine did not apply, because
Young primarily seeks an order from this Court directing the Defendants to dismiss their state
court foreclosure action, her claim would be barred by the Anti-Injunction Act, 28 U.S.C.
§ 2283.  Pursuant to that Act, "[a] court of the United States may not grant an injunction to stay
proceedings in a State court except as expressly authorized by Act of Congress, or where
necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.
Young's filings do not establish a plausible basis for concluding that any of those exceptions
exist here.  Indeed, several district courts in this circuit have held that the Anti-Injunction Act
precludes a federal court from enjoining state-court eviction or foreclosure proceedings.  *See,
e.g.*, *Coppedge v. Conway*, No. 14-1477, 2015 WL 168839, at *2 (D. Del. Jan. 12, 2015) ("The
Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings,
including mortgage foreclosure actions, absent the application of an exception under the statute."
(quoting *Clark v. United States Bank Nat'l Ass'n*, No. 03-5452, 2004 WL 1380166, at *3 (E.D.
Pa. June 18, 2004)); *Rhett v. Div. of Hous., Dep't of Cmty. Affs.*, No. 14-5055, 2014 WL
7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court
dismiss the eviction proceedings or order them transferred to this Court, the Anti-Injunction Act
prohibits this Court from taking such action." (citation omitted)); *E. Liggon-Redding v.
Generations*, No. 14-3191, 2014 WL 2805097, at *2 (D.N.J. June 20, 2014) (holding that under
the Anti-Injunction Act, federal courts generally "lack the authority to stay any state court
proceedings, including Eviction Actions" (quotation and citation omitted)); *Mason v. Bank of
Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013) ("Courts within the
Eastern District of Pennsylvania have declined to enjoin state court proceedings involving
foreclosures and sheriff's sales pursuant to the Anti-Injunction Act." (citations omitted)).  Thus,

to the extent that Young seeks to enjoin an ongoing state foreclosure proceeding or sheriff's sale, her claims are also barred by the Anti-Injunction Act.

## IV.    CONCLUSION

For the reasons stated, Young's application for leave to proceed *in forma pauperis* will be granted and her Complaint will be dismissed without prejudice for want of subject matter jurisdiction pursuant to § 1915(e)(2)(B)(ii).  The Court concludes that any attempt at amendment would be futile; accordingly, no leave to amend will be granted.  An appropriate Order will be entered separately.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.